UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| VICTORIA M., )<br>)<br>        **Plaintiff** )<br>)<br>v. )<br>)<br>MARTIN O'MALLEY, )<br>Commissioner of Social Security,[1] )<br>)<br>        **Defendant** ) | No. 1:23-cv-00011-JDL |

**REPORT AND RECOMMENDED DECISION**

The Plaintiff in this Social Security Disability and Supplemental Security Income appeal contends that the Administrative Law Judge (ALJ) erred in failing either to accept and include, or reject and explain why he omitted, two findings of agency examining psychologist Donna Gates, Ph.D., despite deeming her opinion persuasive. *See* Plaintiff's Brief (ECF No. 10) at 4-8. I find no reversible error and, accordingly, recommend that the Court affirm the Commissioner's decision.

**I. Background**

The ALJ found, in relevant part, that, the Plaintiff (1) had the severe impairments of pseudoseizure disorder, epilepsy, and anxiety disorder, *see* Record at 14; (2) retained the residual functional capacity (RFC) to sustain tasks involving simple instructions (defined as one- to three-step tasks that could be learned within thirty days) for two-hour blocks of time, needed to avoid social interactions with the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), I have substituted Martin O'Malley, who became the Commissioner of Social Security on December 20, 2023, for Kilolo Kijakazi as the defendant in this suit.

1

public but could interact with co-workers and supervisors, and could adapt to routine workplace changes, *see id.* at 16; (3) could perform past relevant work as a dishwasher, *see id.* at 23; and (4) therefore had not been disabled from July 7, 2014, her alleged onset date of disability, through the date of the decision, December 27, 2021, *see id.* at 23-24. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-4, making that decision the final determination of the Commissioner, *see* 20 C.F.R. §§ 404.981, 416.1481.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III. Discussion

Dr. Gates examined the Plaintiff on February 25, 2020, following which she submitted a Medical Source Statement concluding, in relevant part:

> [The Plaintiff] has an avoidant personality structure and petit mal seizures triggered by stress. She likely can follow work rules. She likely can relate adequately to others, although she has a shy and personally uncertain demeanor. She gets overwhelmed by stress and has high expectations for herself. She gets anxious when she feels that she falls short of those expectations. She nonetheless could manage a mild level of work-related stress and function independently on simple tasks in a quiet environment.

*Id.* at 821. With the benefit of review of the Gates report, agency nonexamining psychologists Brian Stahl, Ph.D., on initial review, and Mary Alyce Burkhart, Ph.D., on reconsideration, assessed the Plaintiff as having moderate limitations in the so-called "Paragraph B criteria": (1) understanding, remembering, or applying information, (2) interacting with others, (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself. *See id.* at 165, 191-92.[2]

Drs. Stahl and Burkhart then assessed the Plaintiff's RFC, deeming her "able to understand and remember simple instructions and tasks," "not able to handle the stress of complex work," "able to work in 2 hour blocks performing simple tasks over the course of a normal workday/workweek," "not able to work with the public" but able to "work with coworkers and supervisors," and "able to adapt to simple changes." *Id.* at 169-70, 195-96.

Turning first to the Gates report, the ALJ explained:

Overall, Dr. Gates'[s] medical opinion is persuasive in finding the [Plaintiff] has moderate deficits in understanding, remembering, or applying information; interacting with others; concentrating, persisting, and maintaining pace; and adapting and managing oneself. Her

---

[2] The Commissioner's Psychiatric Review Technique requires a rating of the degree of functional limitation (none, mild, moderate, marked, or extreme) in each of the four Paragraph B criteria. *See* 20 C.F.R. §§ 404.1520a(c)(3)-(4), 416.920a(c)(3)-(4).

>findings are supported by her mental status findings and narrative discussion. Additionally, they are consistent with the longitudinal treatment record that consistently shows few significant mental status abnormalities apart from moderate memory deficits and reported social isolation. Her opinion is therefore persuasive.

*Id*. at 21-22. The ALJ then explained that he also found the moderate limitations assessed by Drs. Stahl and Burkhart "persuasive," deeming them "consistent with the longitudinal treatment record as a whole and supported by the medical findings cited within." *Id*. at 22-23.

The Plaintiff asserts that, despite purporting to find the Gates opinion persuasive, the ALJ failed to accept and include, or reject and explain why he did not include, Dr. Gates's findings that she "would need a 'quiet environment' in order to manage 'a mild level of work-related stress and function independently on simple tasks.'" Plaintiff's Brief at 6 (quoting Record at 821). She points out that a finding that she required a quiet environment would have ruled out the sole occupation on which the ALJ relied to find her not disabled, that of dishwasher, which the *Dictionary of Occupational Titles* (*DOT*) rates as a loud environment, with a noise level of four. *See id.*; U.S. Dep't of Lab., *DOT* § 318.687-010, 1991 WL 672755 (4th ed., rev. 1991).

The Commissioner counters that remand on that basis would be an "'empty exercise'" because the record makes clear that "application of the correct legal standard 'could lead to only one conclusion.'" Commissioner's Brief (ECF No. 11) at 8-9 (quoting *Hatt v. Soc. Sec. Admin. Comm'r*, No. 1:13-cv-00335-NT, 2014 WL 4411600, at *6 (D. Me. Sept. 5, 2014)). She notes that the vocational expert (VE)

4

present at the Plaintiff's hearing testified that an individual with approximately the same RFC could perform the job of mail sorter, which the *DOT* rates as having a noise level of 2, corresponding with a quiet environment, and that there are 39,000 such jobs in the national economy, well above the 10,000 to 11,000 this Court has held to constitute a significant number. *See id.*; Record at 112-13: *DOT* § 222.687-022, 1991 WL 672133; *Vining v. Astrue*, 720 F. Supp. 2d 126, 137 (D. Me. 2010).

The Plaintiff protests that affirmance of the ALJ's decision based on a Step 5 finding never made by the ALJ "is entirely inappropriate," citing *SEC v. Chenery Corp.*, 318 U.S. 80, 87, 94 (1943), for the proposition that administrative orders must be judged on the grounds upon which they were based rather than post hoc rationalizations. Plaintiff's Reply (ECF No. 12) at 3. Nonetheless, as this Court noted in *Hatt*, the proposition that remand is unwarranted when it would amount to an "empty exercise" is "[a]n exception to the *Chenery* rule." *Hatt*, 2014 WL 4411600, at \*6. In *Hatt*, as in this case, the ALJ made no alternative Step 5 finding, yet the testimony of the VE at hearing "support[ed] only a single conclusion at Step 5." *Id.*[3]

---

[3] At oral argument, the Plaintiff's counsel argued that *Hatt* is distinguishable from this case in that the ALJ in *Hatt* mentioned the VE testimony at issue. However, in *Hatt*, the Commissioner initially argued that the ALJ made an alternative Step 5 finding in stating that "[i]t should be further noted that the [VE] was able to provide a number of jobs for a person limited to light, unskilled work that entails no public contact and that allows for regular changes of position." *Hatt*, 2014 WL 4411600, at \*6 (cleaned up). The Court held that, "[o]n its face, this sentence cannot reasonably be characterized as an alternative Step 5 finding." *Id*. However, the Court noted that this was "not the end of the matter," holding that, although the ALJ made no alternative Step 5 finding, the VE's testimony sufficed to demonstrate that "remand in this case would be an empty exercise because the record supports only a single conclusion at Step 5." *Id*. Nothing in that holding hinged on the fact that the ALJ had mentioned the VE's testimony. The Plaintiff's counsel also argued that the question of whether a single job representing only tens of thousands of jobs in the national economy constitutes a substantial number of jobs is for the ALJ, rather than the Court in the first instance, to decide. However, as counsel for the Commissioner rejoined, this Court "has routinely held that a single job available in significant numbers in the national economy is sufficient to meet the [C]ommissioner's

The Plaintiff separately seeks remand on the basis that "the ALJ failed to adequately accommodate Dr. Gates'[s] opinion that [the Plaintiff] could tolerate a mild level of work related stress." Plaintiff's Brief at 7. However, the ALJ adopted the opinions of Drs. Stahl and Burkhart, crafted with the benefit of review of Dr. Gates's report, that the Plaintiff was "able to understand and remember simple instructions and tasks" but unable "to handle the stress of complex work" and was "able to adapt to simple changes." Record at 169-70, 195-96. The ALJ, thus, accepted and included limitations assessed by all three experts to account for stress.

### IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum and request for oral argument before the District Judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the District Judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: December 22, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge

---

burden at Step 5." *Dubay v. Colvin,* No. 1:13-cv-00048-NT, 2014 WL 238324, at *5 (D. Me. Jan. 22, 2014) (cleaned up).